SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---------------------------------------x

Lifetime Funding,

                Plaintiff,

-against-

MY PILLOW INC; MIKE LINDELL PRODUCTS LLC;
LINDELL MEDIA LLC; LINDELL TECHNOLOGIES,
LLC; LINDELL PROPERTIES, LLC; LINDELL
PUBLISHING, LLC; LINDELL SERVICES, LLC;
LINDELL MANAGEMENT, LLC; PRIOR LAKE 40
ACRES, LLC; Lindell Recovery Network; Lindell-TV LLC
**and** MICHAEL J LINDELL,

                Defendant(s).

---------------------------------------x

Index No. _____

SUMMONS

To the above-named Defendant(s):

    YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the annexed complaint.

    Plaintiff designates MONROE County as the place of trial. The basis of the venue is designated in the Agreement between the parties.

Dated: October 22, 2024
        New York, NY

                              By: */s/ Steven Zakharyayev*
                              Steven Zakharyayev, Esq.
                              10 W 37th Street, RM 602
                              New York, NY 10018
                              (201) 716-0681
                              *Attorneys for Plaintiff*

EXHIBIT 5

TO DEFENDANT(S):

MY PILLOW INC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

MIKE LINDELL PRODUCTS LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

LINDELL MEDIA LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

LINDELL TECHNOLOGIES, LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

LINDELL PROPERTIES, LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

LINDELL PUBLISHING, LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

LINDELL SERVICES, LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

LINDELL MANAGEMENT, LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

PRIOR LAKE 40 ACRES, LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

Lindell Recovery Network
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

Lindell-TV LLC
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

MICHAEL J LINDELL
1550 AUDUBON RD, CHASKA MN, 55318;
1440 BAVARIAN SHORES, CHASKA, MN 55318;
343 E. 82ND ST., CHASKA, MN, 55318

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---------------------------------------X

Lifetime Funding

        Plaintiff,

-against-

MY PILLOW INC; MIKE LINDELL PRODUCTS LLC; LINDELL MEDIA LLC; LINDELL TECHNOLOGIES, LLC; LINDELL PROPERTIES, LLC; LINDELL PUBLISHING, LLC; LINDELL SERVICES, LLC; LINDELL MANAGEMENT, LLC; PRIOR LAKE 40 ACRES, LLC; Lindell Recovery Network; Lindell-TV LLC **and** MICHAEL J LINDELL,

        Defendant(s).

---------------------------------------X

Index No. _____

**VERIFIED COMPLAINT**

Plaintiff, Lifetime Funding, by its attorney Steven Zakharyayev, Esq. as and for its complaint against Defendant(s) herein, alleges as follows:

1. Plaintiff Lifetime Funding ("Plaintiff") is a New York limited liability company engaged in the receivable financing business.

2. Upon information and belief, MY PILLOW INC ("Defendant-Seller") is a foreign corporation.

3. Upon information and belief, MIKE LINDELL PRODUCTS LLC ("Defendant-Seller 2") is a foreign limited liability company.

4. Upon information and belief, LINDELL MEDIA LLC ("Defendant-Seller 3") is a foreign limited liability company.

5. Upon information and belief, LINDELL TECHNOLOGIES, LLC ("Defendant-Seller 4") is a foreign limited liability company.

6. Upon information and belief, LINDELL PROPERTIES, LLC ("Defendant-Seller 5") is a foreign limited liability company.

7. Upon information and belief, LINDELL PUBLISHING, LLC ("Defendant-Seller 6") is a foreign limited liability company.

8. Upon information and belief, LINDELL SERVICES, LLC ("Defendant-Seller 7") is a foreign limited liability company.

9. Upon information and belief, LINDELL MANAGEMENT, LLC ("Defendant-Seller 8") is a foreign limited liability company.

10. Upon information and belief, PRIOR LAKE 40 ACRES, LLC ("Defendant-Seller 9") is a foreign limited liability company.

11. Upon information and belief, Lindell Recovery Network ("Defendant-Seller 10") is a foreign limited liability company.

12. Upon information and belief, Lindell-TV LLC ("Defendant-Seller 11") is a foreign limited liability company.

13. Defendant MICHAEL J LINDELL ("Defendant-Guarantor") is an individual residing in the State of Minnesota and upon information and belief is a principal of defendant-seller.

14. Pursuant to a receivable purchase agreement and personal guaranty dated SEPTEMBER 19, 2024 (the "Agreement"), Plaintiff purchased a percentage of the Defendant-Seller's total future accounts receivable up to the sum of $840,000.00 ("Purchased Amount") in exchange for an upfront purchase price of $600,000.00 ("Purchase Price") A copy of the merchant agreement is attached as EXHIBIT A.

15. The Agreement contains the parties' express consent to the jurisdiction of the courts located in the State of New York.

16. Pursuant to the Agreement, Plaintiff was authorized to collect via an ACH electronic debit of the Future Receivables, until such time that Plaintiff collected the total amount of purchased receivables.

17. Critical to facilitating this transaction, the Agreement contains Defendant-Seller's

express covenant not to revoke its ACH authorization to Plaintiff or otherwise take any measure to interfere with Plaintiff's ability to collect the Future Receivables.

18. Contrary to Defendant-Seller's express covenant set forth above, Defendant-Seller materially breached the terms of the Agreement on OCTOBER 12, 2024 by changing the designated bank account without Plaintiff's authorization, by placing a stop payment on Plaintiff's debits to the account or by otherwise taking measures to interfere with Plaintiff's ability to collect the Future Receivables. A copy of the remittance history is attached as EXHIBIT B.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract as to Defendant-Seller)**

19. The Agreement provides that Defendant-Seller shall be in default of the Agreement if, *inter alia*, it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

20. As a result of Defendant-Seller's breach of the provisions set forth above, Defendant-Seller has defaulted under the Agreement.

21. Pursuant to the Agreement, in the event of Defendant-Seller's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

22. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Contract as to Defendant-Seller 2)**

23. The Agreement provides that Defendant-Seller 2 shall be in default of the Agreement if, *inter alia*, it breaches any covenants contained therein or makes any representation

or warranty proving to have been incorrect, false or misleading in any material respect.

24. As a result of Defendant-Seller 2's breach of the provisions set forth above, Defendant-Seller 2 has defaulted under the Agreement.

25. Pursuant to the Agreement, in the event of Defendant-Seller 2's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

26. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 2 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 2 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract as to Defendant-Seller 3)

27. The Agreement provides that Defendant-Seller 3 shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

28. As a result of Defendant-Seller 3's breach of the provisions set forth above, Defendant-Seller 3 has defaulted under the Agreement.

29. Pursuant to the Agreement, in the event of Defendant-Seller 3's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

30. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 3 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 3 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR A FOURTH CAUSE OF ACTION

**(Breach of Contract as to Defendant-Seller 4)**

31. The Agreement provides that Defendant-Seller 4 shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

32. As a result of Defendant-Seller 4's breach of the provisions set forth above, Defendant-Seller 4 has defaulted under the Agreement.

33. Pursuant to the Agreement, in the event of Defendant-Seller 4's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

34. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 4 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 4 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Breach of Contract as to Defendant-Seller 5)**

35. The Agreement provides that Defendant-Seller 5 shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

36. As a result of Defendant-Seller 5's breach of the provisions set forth above, Defendant-Seller 5 has defaulted under the Agreement.

37. Pursuant to the Agreement, in the event of Defendant-Seller 5's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

38. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 5 under the Agreement from the total Future Receivables purchased

by Plaintiff, there is presently due and owing from Defendant-Seller 5 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of Contract as to Defendant-Seller 6)

39. The Agreement provides that Defendant-Seller 6 shall be in default of the Agreement if, *inter alia*, it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

40. As a result of Defendant-Seller 6's breach of the provisions set forth above, Defendant-Seller 6 has defaulted under the Agreement.

41. Pursuant to the Agreement, in the event of Defendant-Seller 6's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

42. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 6 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 6 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract as to Defendant-Seller 7)

43. The Agreement provides that Defendant-Seller 7 shall be in default of the Agreement if, *inter alia*, it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

44. As a result of Defendant-Seller 7's breach of the provisions set forth above, Defendant-Seller 7 has defaulted under the Agreement.

45. Pursuant to the Agreement, in the event of Defendant-Seller 7's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of

$570,901.00 in undelivered Future Receivables.

46. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 7 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 7 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

### AS AND FOR AN EIGTH CAUSE OF ACTION
(Breach of Contract as to Defendant-Seller 8)

47. The Agreement provides that Defendant-Seller 8 shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

48. As a result of Defendant-Seller 8's breach of the provisions set forth above, Defendant-Seller 8 has defaulted under the Agreement.

49. Pursuant to the Agreement, in the event of Defendant-Seller 8's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

50. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 8 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 8 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

### AS AND FOR A NINTH CAUSE OF ACTION
(Breach of Contract as to Defendant-Seller 9)

51. The Agreement provides that Defendant-Seller 9 shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

52. As a result of Defendant-Seller 9's breach of the provisions set forth above, Defendant-Seller 9 has defaulted under the Agreement.

53. Pursuant to the Agreement, in the event of Defendant-Seller 9's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

54. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 9 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 9 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Breach of Contract as to Defendant-Seller 10)

55. The Agreement provides that Defendant-Seller 10 shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

56. As a result of Defendant-Seller 10's breach of the provisions set forth above, Defendant-Seller 10 has defaulted under the Agreement.

57. Pursuant to the Agreement, in the event of Defendant-Seller 10's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

58. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 10 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 10 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Breach of Contract as to Defendant-Seller 11)

59. The Agreement provides that Defont-Seller 11 shall be in default of the Agreement if, *inter alia,* it breaches any covenants contained therein or makes any representation

or warranty proving to have been incorrect, false or misleading in any material respect.

60. As a result of Defendant-Seller 11's breach of the provisions set forth above, Defendant-Seller 11 has defaulted under the Agreement.

61. Pursuant to the Agreement, in the event of Defendant-Seller 11's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including costs and fees. Plaintiff now has a balance of $570,901.00 in undelivered Future Receivables.

62. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller 11 under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller 11 to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

## AS AND FOR A TWELVTH CAUSE OF ACTION
### (Breach of Guaranty as to Defendant-Guarantor)

63. The Agreement contains Defendant-Guarantor's separately executed and unconditional guarantee of payment in the event of default under the Agreement by Defendant-Seller ("Guaranty").

64. As a result of Defendant-Seller's breach and default under the Agreement as set forth above and pursuant to the Guaranty, there is presently due and owing from Defendant-Guarantor to Plaintiff the amount of $570,901.00 with interest thereon from OCTOBER 12, 2024.

**WHEREFORE**, Plaintiff demands judgment against defendants on the respective causes of action in the amount of $570,901.00, plus interest from OCTOBER 12, 2024 and costs and attorneys' fees, for such other and further relief as this Court may deem just and proper.

Dated: October 22, 2024
        New York, NY

By:/s/ *Steven Zakharyayev*
STEVEN ZAKHARYAYEV, ESQ
10 W 37th Street, RM 602
New York, NY 10018
(201) 716-0681
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

Lifetime Funding,

           Plaintiff,

-against-

MY PILLOW INC; MIKE LINDELL PRODUCTS LLC; LINDELL MEDIA LLC; LINDELL TECHNOLOGIES, LLC; LINDELL PROPERTIES, LLC; LINDELL PUBLISHING, LLC; LINDELL SERVICES, LLC; LINDELL MANAGEMENT, LLC; PRIOR LAKE 40 ACRES, LLC; Lindell Recovery Network; Lindell-TV LLC **and** MICHAEL J LINDELL,

           Defendant(s).

**Index No.** _____

**VERIFICATION BY A PARTY**

---

STATE OF NEW YORK)

COUNTY OF NEW YORK)

MICHAEL KAY, being duly sworn, hereby deposes and states the following:

    I am a(n) MANAGING PARTNER of Lifetime Funding in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

    The foregoing statements are true under penalties of perjury.

                                                            _____
                                                            MICHAEL KAY

ACKNOWLEDGEMENT

STATE OF New York  )
                                           ):
COUNTY OF Queens  )

On This 22nd day of October 2024, The foregoing instrument was acknowledged before me by means of [✓] physical presence or [ ] online notarization by MICHAEL KAY who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his representative capacity, and that by his signature on the instrument he executed the instrument.

_____

MARISELA INTRIAGO
Notary Public - State of New York
No. 01IN6387948
Qualified in Queens County
My Commission Expires 02/25/2027