ORDER 443520

DOCKET NO: HHDCV236166130S           SUPERIOR COURT

FLASH FUNDING, LLC                   JUDICIAL DISTRICT OF HARTFORD
  V.                                     AT HARTFORD
HORIZONS CONNECTION SERVICES,
LLC Et Al                            9/30/2024

## ORDER

ORDER REGARDING:
06/14/2024 112.00 MOTION FOR SUMMARY JUDGMENT

The foregoing, having been considered by the Court, is hereby:

ORDER:
Disposition: SJP - SUMMARY JUDGMENT-PLAINTIFF

This dispute arose out of a commercial contract referred to by both parties as a merchant cash advance agreement (MCA) wherein a merchant sells its future receivables in exchange for immediate cash. The parties both agree that there was an agreement between the parties. On or about August 9, 2022, the defendants, Horizons Connection Services, LLC (Horizons) and Ociel Tamayo, entered into a MCA with the plaintiff, Flash Funding LLC (Flash). As part of this agreement, Osciel Tamayo, who owns and controls Horizons, also executed (i) a security agreement and personal guarantee, (ii) a confession of judgment, and (iii) an authorization agreement for direct deposit and direct payments. Pursuant to the terms and provision of the MCA, Flash agreed to advance Horizon $25,000 (minus $1295 in fees) in exchange for the purchase of $36,250 of Horizons' future receivables. These facts are recited in the plaintiff's June 15, 2024 affidavit and are not refuted by the defendants. In addition, the plaintiff's uncontested affidavit asserts that, despite receiving the $25,000 payment, the defendants still owe a balance of $16,575.58.

DISCUSSION

Practice Book § 17-49 provides, in relevant part, that a motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment has the initial burden to bring forward evidentiary facts that show the absence of any material factual dispute. See Doty v. Shawmut Bank, 58 Conn. App. 427, 755 A.2d 219 (2000). "Correspondingly, the party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Id., 430. Stated differently, "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original, internal quotation marks omitted.) Mytych v. May Department Stores Co., 260 Conn. 152, 164 n.8, 793 A.2d 1068 (2002). When a party moves for summary judgment and there are no contradictory affidavits, "the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates Number 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). Because the defendants have failed to file a counter affidavit, the court looks to the sufficiency of the plaintiff's affidavit and other proof. Id.

Despite prior rulings by this court, the defendants remain committed to the issues of (1) personal jurisdiction and (2) standing as grounds to deny the plaintiff's motion. In addition, though not providing

EXHIBIT 7

any case law to support this contention, the defendants argue that the MCA was a loan and not a contract and that it should therefore be subject to a different collection action other than breach of contract. We disagree and will take each argument in kind.

Firstly, the issue of personal jurisdiction was ruled upon by Judge Sicilian when he denied the defendants' motion to dismiss. See Order # 101.86. Though couched confusingly as a motion to dismiss due to a lack of subject matter jurisdiction, the matter was previously adjudicated and clarified during argument as an issue regarding personal. Second, Judge Chadwick dealt with the issue of standing, which is an issue of subject matter jurisdiction, when he granted the plaintiff's motion to strike the defendant's counterclaims asserting a lack of standing. See Order # 110.86. Finally, as to the argument that the MCA's are not contracts, the defendant could not point to a single Connecticut case supporting this contention. "Additionally, multiple New York trial courts and two United States District Courts have found that merchant cash agreements are not loans and do not violate New York usury laws." AKF, Inc. v. Upcountry Services of Sharon, Inc., Superior Court, judicial district of Litchfield, No. LLI-CV-19-6021671-S (February 5, 2020, Pickard, J.), citing Womack v. Capital Stack, LLC, United States District Court, Docket No. 1:18-cv-04192 (ALC) (S.D.N.Y. August 20, 2019) ("the transaction at issue here was a purchase of future receivables, not a loan, and Plaintiffs' first cause of action for usury and void contract fails as a matter of law") and Power Up Lending Group, Ltd. v. Cardinal Energy Group, Inc., United States District Court, Docket No. 2:16-cv-1545 (DRH) (GRB) (E.D.N.Y. April 3, 2019) ("the Agreement is not a loan and, accordingly . . . criminal usury does not apply").

"In determining whether a transaction constitutes a loan, courts must determine whether the plaintiff is absolutely entitled to repayment under all circumstances; [u]nless a principal sum advanced is repayable absolutely, the transaction is not a loan." (Internal quotation marks omitted.) Samson MCA LLC v. Joseph A. Russo M.D. P.C./IV Therapeutics PLLC, 219 App. Div. 3d 1126, 1128, 196 N.Y.S.3d 256 (2023), citing LG Funding, LLC v. United Senior Properties of Olathe, LLC, 181 App. Div. 3d 664, 665-66, 122 N.Y.S.3d 309 (2020) and Principis Capital, LLC v. I Do, Inc., 201 App. Div. 3d 752, 754, 160 N.Y.S.3d 325 (2022). In addition, "courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy." (Internal quotation marks omitted.) Samson MCA LLC v. Joseph A. Russo M.D. P.C./IV Therapeutics PLLC, supra, 219 App. Div. 3d 1128. Under the foregoing rubric, the plaintiff has established as a matter of law that the agreements contain reconciliation provisions, had no finite term, and no payment schedule. Therefore, the MCA in the present case is not a loan.

CONCLUSION

Accordingly, the plaintiff's motion for summary judgment is granted.

Judicial Notice (JDNO) was sent regarding this order.

443520

Judge: AMIR SHAIKH

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.